IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KENNETH DELCARA JACOBS , #36907037   :

                                                          Civil Action No. CCB-07-1502

    Petitioner                             :         Criminal Action No. CCB-01-50

  v.                                         :

UNITED STATES OF AMERICA        :

    Respondent

o0o
**MEMORANDUM**

This is a pro se petition for relief pursuant to the All Writs Act, 28 U.S.C. § 1651, filed by Kenneth Delcara Jacobs[1], a federal prisoner confined at the United States Penitentiary in Lewisburg, Pennsylvania, seeking to vacate his convictions and sentences for drug trafficking and possession of a firearm by a felon. The motion will construed pursuant to 28 U.S.C.§ 2255, and dismissed without prejudice for lack of jurisdiction.[2]

**Background**

After a jury trial, Jacobs was convicted of narcotics conspiracy, in violation of 21 U.S.C. §§ 846 & 841(b)(1)(A); distribution and attempted distribution of cocaine base in violation of 21 U.S.C.

---

[1] Although the heading of the petition spells Jacobs's middle name "Delcara" court records and opinions spell the name as "Delcarra."

[2] To the extent Jacobs might intend to present a 28 U.S.C. § 2241 motion for habeas corpus relief, the petition must be filed in the judicial district where he is in custody in Pennsylvania. *See Braden v. 30th Judicial Circuit*, 410 U.S. 484, 495-500 (1973); *United States v. Miller,* 871 F.2d 488, 490 (4th Cir. 1989). For reasons apparent herein, the claims presented in the instant petition, however, do not attack the computation and execution of sentence, but rather challenge the legality of Jacobs's convictions and sentences, and are appropriately reviewed under 28 U.S.C. §2255.

§ 841(a)(1); and felon in possession of a firearm and ammunition in violation of 18 U.S.C. §922 (g). On November 13, 2002, the court imposed a 420 month sentence. The United States Court of Appeals for the Fourth Circuit affirmed the judgment on appeal. *See U.S. v. Jacobs*, 70 Fed Appx. 689 (4th Cir. 2003) (unpublished). Jacobs filed a 28 U.S.C. §2255 motion for collateral relief on March 26, 2004, which was denied on May 26, 2006. Jacobs appealed the denial of his §2255 motion, and the Fourth Circuit denied a certificate of appealability and dismissed the appeal on January 22, 2007. *See U.S. v. Jacobs*, 213 Fed. Appx. 212 (4th Cir. 2007) (unpublished).

In the instant motion, Jacobs challenges his conviction on the following grounds: 1) there was insufficient proof adduced at trial that he possessed a firearm and that it traveled in interstate commerce; 2) his sentence violates the holding in *U.S. v. Booker*, 543 U.S. 220 (2005); and 3) he received ineffective assistance at trial.

**Analysis**

The All Writs Act is not the proper basis for presenting the claims raised here. The United States Supreme Court stated in *Carlisle v. United States,* 517 U.S. 416, 429 (1996) (quoting *Pennsylvania Bureau of Correction v. United States Marshal Service*, 474 U.S. 34, 43 (1985)) that "'[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute.'" and "'[w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act , that is controlling.'" *Carlisle*, 517 U.S. at 429. In this proceeding, petitioner is attempting to collaterally attack the validity of his convictions and sentences. As such, this challenge is properly raised in a 28 U.S.C. §2255 Motion to Vacate, Set Aside, or Correct. *See Calderon v. Thompson*, 523 U.S. 538, 554 (1998) (ruling the subject matter of the motion and not petitioner's description determines its status). The petition will be so

construed.

As earlier noted, Jacobs's first §2255 motion was denied. Consequently, the instant motion is a second or successive collateral challenge. Jacobs's motion under § 2255 may not be filed absent prior authorization from the United States Court of Appeals for the Fourth Circuit. *See* 28 U.S.C. §§2244(b)(3)(A) & 2255; *In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997). The fact that Jacobs's motion is second or successive does not render the remedy afforded by §2255 inadequate or ineffective. *See In re Vial*, 115 F.3d at 1194 n. 5. Jacobs may not evade the procedural requirements of a successive §2255 motion by creatively captioning his petition for relief. "A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the post-conviction remedies that must be filled by the common law writs." *In re Jones,* 226 F.3d 328, 333 (4th Cir. 2000).

**Conclusion**

Jacobs neither asserts nor does the record show that he has obtained prior authorization from the United States Court of Appeals for the Fourth Circuit to bring this 28 U.S.C. § 2255 action. For this reason, the motion must be dismissed for lack of jurisdiction. *See Evans v. Smith*, 220 F.3d 306, 325 (4th Cir. 2000). Accordingly, the petition will be dismissed without prejudice by separate order.[3]

  June 22, 2007  　　　　　　　　　　　　　　/s/　　　　　　　　　　
Date　　　　　　　　　　　　　　　　　　Catherine C. Blake
　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[3] The Clerk shall mail an information packet to Jacobs explaining how to seek authorization to file a second or successive §2255 motion.